**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NELSON M. THIONGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-2783-EFM-ADM |
| ) | |
| AIRTEX MANUFACTURING, LLLP ) | |
| d/b/a ENGINEERED AIR, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Nelson M. Thiongo's ("Thiongo") Motion to Amend Plaintiff's Legal Claims in the Pretrial Order. (ECF 40.) By way of this motion, Thiongo seeks leave to amend to assert a hostile work environment claim. Thiongo points out that his complaint contained the factual allegations that he now contends support this hostile work environment claim. But the only claim he asserted in his complaint is a claim under 42 U.S.C. § 1981 for discrimination based on race and national origin. He did not assert a § 1981 hostile work environment claim; instead, he waited until the pretrial conference to seek leave to add this claim. As explained below, Thiongo's motion is denied as untimely under the scheduling order. It is also denied under Federal Rule of Civil Procedure 15 because Thiongo unduly delayed in seeking leave to amend, the belated amendment would be prejudicial to defendant Airtex Manufacturing, LLLP d/b/a Engineered Air ("Engineered Air"), and the claim is likely futile.

**I.     BACKGROUND**

Engineered Air manufactures heating and cooling units at a plant in DeSoto, Kansas. Thiongo is African-American and from Kenya. He applied to work at Engineered Air in May 2018. After he interviewed with DeSoto Plant Manager Laine Wright ("Wright") and Design

Department Manager Ashley Strube ("Strube"), Engineered Air hired Thiongo for a position in its Technical Training Program. By November 2018, Thiongo expected to be transferred to the Design Group for training to become a Design Engineer, like a white trainee who started at Engineered Air around the same time as Thiongo did. Instead, Wright told Thiongo that he would be assigned to the Service Group. Thiongo had a degree in HVAC/R engineering, and he told Wright that a Service Technician position would be unacceptable. Engineered Air then terminated Thiongo's employment on November 30, 2018. Thiongo alleges that, during his employment at Engineered Air, Wright and Strube made "a number of racially and ethnically derogatory statements" that revealed their bias against Thiongo "because of his national origin from Africa." (ECF 1 ¶ 15.) Specifically, Thiongo's complaint alleges that Wright "frequently" asked Thiongo "whether he was a radical Muslim suggesting that he was a terrorist"; that Strube told Thiongo he needed to polish and change his African accent; and that Strube asked Thiongo whether all Africans talked like that. (*Id.*)

Based on these allegations, Thiongo's complaint alleges that Engineered Air violated his rights under § 1981 by discriminating against him based on his race and national origin—specifically, by denying Thiongo a Design Engineer position and terminating his employment. (*Id.* ¶ 17.) In support, Thiongo claims he was treated less favorably than two white males. (*Id.*) Thiongo's complaint does not allege that he was subject to a hostile work environment or assert a hostile work environment claim.

Under the scheduling order, Thiongo's default deadline to file a motion for leave to amend the pleadings was July 30, 2020. (ECF 19 ¶ 3(a).) Discovery closed on December 4. When the parties submitted their jointly proposed pretrial order in advance of the December 18 final pretrial conference, Thiongo revealed for the first time that he sought to pursue a separate hostile work

2

environment claim.  (*See* ECF 36.)  To allow a full and fair opportunity to resolve the parties' dispute over the proposed amendment, the court ordered briefing and held off on entering the pretrial order.  The court also vacated the January 15 dispositive motion deadline, to be reset following the court's ruling on Thiongo's motion to amend.

Thiongo's motion to amend is now before the court.  He seeks leave to add a § 1981 claim that alleges he was subject to a race- and national origin-based hostile work environment when Wright and Strube made "repeated racially demeaning and derogatory remarks" to him.  (ECF 40, at 1.)  Specifically, he alleges that "Wright frequently asked [him] whether he was a radical Muslim[,] suggesting that he was a terrorist"; Strube "made comments that [Thiongo] needs to polish and change his African accent" during bi-weekly meetings; and Strube asked Thiongo, "do all of you Africans talk like that?"  (*Id.*)  Thiongo points out that these allegations were in his complaint, and therefore he contends that Engineered Air had notice of the alleged remarks, was able to question Thiongo about them during his deposition, and would not be prejudiced if the claim were allowed.  Engineered Air opposes the amendment on the grounds that Thiongo has not established good cause for filing his motion months after the scheduling order deadline for motions to amend, he unduly delayed in seeking leave to amend, his claim is futile, and Engineered Air would suffer prejudice if the amendment were allowed.

## II.   ANALYSIS

A plaintiff's attempt to add a new claim to the pretrial order is the equivalent of seeking leave to amend the complaint.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under Rule 16(b)(4), and (2) satisfy the standards for amending the pleadings under Rule

3

15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Id.*

### A. Thiongo Has Not Shown Good Cause Under Rule 16.

"Rule 16(b)(4) is arguably more stringent than Rule 15[.]" *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). It provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite diligent efforts. *Husky Ventures*, 911 F.3d at 1020. Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.* If a moving party fails to demonstrate good cause, the court may deny the motion on this basis alone. *See id.* at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures*, 911 F.3d at 1019 (affirming denial of a motion to amend for lack of good cause).

Thiongo has not met his burden to demonstrate good cause for the belated amendment. In fact, he does not even attempt to demonstrate good cause because he contends that his motion is not governed by the Rule 16 good-cause standard. (ECF 43, at 1.) On this point, Thiongo is incorrect as a matter of law. As explained above, Thiongo must meet the Rule 16 good-cause standard *and* the Rule 15 standard. Here, he has not demonstrated the threshold requirement of Rule 16's good-cause standard because he seeks to add a hostile work environment claim based on factual allegations that were in his complaint. (*See* ECF 1 ¶ 15; ECF 40, at 1.) This demonstrates that he was aware of the basis for the proposed claim since at least December 2019.

4

Yet his complaint conspicuously did not assert a hostile work environment claim, and he did not seek leave to add that claim by the July 30 scheduling order deadline. Instead, he seeks leave to assert this claim nearly a year after he filed the case, approximately four-and-a-half months after the deadline to amend the pleadings, and after discovery was closed. This does not demonstrate diligence. He has therefore not established good cause for filing his motion to amend out of time. The court therefore denies the motion as untimely under Rule 16. *See Gorsuch*, 771 F.3d at 1240 ("If the plaintiff knew of the underlying conduct but simply failed to raise [the] claims, . . . the claims are barred.").

> **B.     Thiongo Unduly Delayed in Seeking to Assert the Hostile Work Environment Claim, and Allowing the Belated Claim Would Be Prejudicial to Engineered Air.**

The court also denies the motion under Rule 15(a). When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Engineered Air argues Thiongo's motion should be denied based on undue delay, undue prejudice, and futility. The court addresses each of these arguments, in turn.

### 1.     Undue Delay

While "[l]ateness does not of itself justify the denial of the amendment," a party that "delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."  *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1488 (2d ed. 1990)).  "[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."  *Id.* (quotation omitted).  In evaluating what constitutes undue delay sufficient to deny a motion to amend, the district court must focus "primarily on the reasons for the delay."  *Id.* at 1206.  Denial is appropriate where the party seeking amendment "has no adequate explanation for the delay."  *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993); *see also Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (noting that courts have "denied leave to amend in situations where the moving party cannot demonstrate excusable neglect," including "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend").

For essentially the same reasons discussed above, the court denies Thiongo's motion based on undue delay.  Thiongo's only explanation as to why he waited so long to assert a hostile work environment claim is that his complaint included factual allegations supporting this claim.  But that misses the point.  Not only did the complaint not expressly assert a hostile work environment claim, but the factual allegations do not even provide fair notice that he may be asserting a hostile work environment claim.  To state a claim for hostile work environment under § 1981, a plaintiff must plead facts sufficient to show that, among other things, the harassment was severe or pervasive enough that it "altered a term, condition, or privilege of the plaintiff's employment and

6

created an abusive working environment." *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015) (quotation omitted). Here, Thiongo's complaint included only a few factual allegations about Wright and Strube's allegedly derogatory racial and ethnic remarks. "[A] few isolated incidents of racial enmity" are insufficient to establish actionable harassment. *Id.* at 1223 (quotation omitted). "Instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments." *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994). If Thiongo believed that he was subject to a steady barrage of opprobrious racial comments such that the harassment was so severe and pervasive that it created an abusive working environment, he should have alleged as much. Instead, he placed the "derogatory comments" in context by alleging that they "revealed" Wright and Strube's bias—*i.e.*, in support of his discrimination claim. Thus, the only reasonable inference that can be drawn from the pertinent factual allegations in the complaint is that Thiongo included them to support of his race- and national-origin discrimination claim, not in support of a separate, inadequately pleaded hostile work environment claim.

The case is now in its later stages—long after the deadline for motions to amend and well after the parties completed discovery. "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target[]' . . . ." *Minter*, 451 F.3d at 1196 (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). Because Thiongo has no adequate explanation for his delay seeking amendment and his proposed claim could have been asserted in the complaint, the court also denies Thiongo's motion for undue delay in seeking leave to amend.

### 2. Undue Prejudice

The most important factor in considering a motion to amend is "whether the amendment would prejudice the nonmoving party." *Id.* at 1207. "Courts typically find prejudice only when

7

the amendment unfairly affects the [opposing parties] 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)); *see also Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) ("In gauging prejudice, we consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial . . . .'" (quotation omitted)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the [original pleading] and raise significant new factual issues." *Minter*, 451 F.3d at 1208. Where a proposed amendment would delay the resolution of the case, courts have found prejudice. *See, e.g.*, *Ruotolo*, 514 F.3d at 192 (noting that a court considers "significant[] delay [in] the resolution of the dispute" when evaluating prejudice (quotation omitted)); *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1231-32 (D. Kan. 2002) (finding prejudice where "expansive and substantial" discovery would be necessary and would "unduly delay the resolution of [the] long-pending case").

Thiongo argues the amendment would not prejudice Engineered Air because the factual basis for the hostile work environment claim is in the complaint, and defense counsel examined Thiongo about these remarks in his deposition. (ECF 40, at 2-3.) Engineered Air disagrees. It points out that Thiongo's complaint alleges that Wright's and Strube's comments "reveal[] their bias" (ECF 1 ¶ 15), and therefore defense counsel questioned Thiongo about these remarks as they bear on his discrimination claim and not as elements of a separate hostile work environment claim. (ECF 42, at 5.) Engineered Air also points out that Thiongo repeatedly testified at his deposition that Wright made only two comments about Thiongo's religion, and Strube made one comment about his accent. (*Id.* at 6.) Engineered Air argues it would be prejudiced if discovery were

8

reopened and Thiongo had the opportunity to testify that the comments were "repeated" or "frequent," as he contends in the proposed factual basis for his hostile work environment claim.

The court agrees that Engineered Air would be unduly prejudiced if the amendment were allowed. The onus was not on Engineered Air to divine that Thiongo would intend to bring a hostile work environment claim merely because he included allegations about Wright and Strube's derogatory statements to support his disparate treatment claims. Hostile work environment claims are distinct from claims alleging discriminatory disparate treatment. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) ("Hostile environment claims are different in kind from discrete acts."); *see also Salazar v. City of Commerce City*, 535 F. App'x 692, 695 (10th Cir. 2013) (reciting discrimination, retaliation, equal protection, and First Amendment claims "did not alert the defendants that [the plaintiff] would be asserting a hostile-work-environment claim—a wholly different theory of recovery with different requirements of proof"); *King v. Kempthorne*, No. CIV05-0575JB/WDS, 2008 WL 4104130, at *4 (D.N.M. Mar. 31, 2008) ("The caselaw has established that claims for discrimination under § 1981 and claims of hostile-work environment are different claims with distinct elements and distinct proof. Hostile-environment claims are not a subset of discrimination claims. Accordingly, an allegation of discrimination does not give fair notice of a hostile-environment claim."). Further, a defendant may rely on different affirmative defenses in a hostile work environment case, including the *Faragher/Ellerth* affirmative defense that is not available for disparate treatment claims. *See Wright v. C & M Tire, Inc.*, 545 F. Supp. 2d 1191, 1197-99 (D. Kan. 2008) (discussing the *Faragher/Ellerth* defense).

The parties had six months to complete discovery. (ECF 19 ¶ 2(b).) Because Thiongo did not seek leave to amend until after discovery closed, Engineered Air was not incentivized to fully explore the elements of a hostile work environment claim and its defenses. Discovery has now

been closed for over a month. Allowing Thiongo's proposed amendment would require the court to reopen discovery and further delay the resolution of the case, as well as require Engineered Air to expend additional resources. Imposing these additional delays and burdens on Engineered Air is not warranted when Thiongo testified conclusively regarding the alleged comments, albeit in the context of establishing bias for a disparate treatment claim. Even now, Thiongo has not identified—not in formulating the parties' proposed pretrial order nor in his current motion to amend—any additional relevant factual allegations beyond what he included in his complaint and testified about in his deposition. Putting Engineered Air to the time and expense of reopening Thiongo's deposition when he has not identified any other relevant facts would not further the just, speedy, and inexpensive determination of this action. Instead, allowing the amendment would cause undue prejudice to Engineered Air and unduly prolong the resolution of this case. Accordingly, Thiongo's motion is also denied on this basis.

### 3. Futility

"A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In the context of futility, the court often considers whether the amended complaint could withstand a Rule 12(b)(6) motion to dismiss. *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases); *see also Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 199 (5th Cir. 2017) (stating the court uses the 12(b)(6) standard when evaluating futility). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court

must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). However, the court disregards conclusory statements and looks only at the factual allegations. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Engineered Air argues Thiongo's § 1981 hostile work environment claim is futile because Wright and Strube's comments related to his religion and accent, not to his race. (ECF 42, at 7.) And, even if the three comments related to his race, "they do not rise to the level of a workplace 'permeated with discriminatory intimidation, ridicule, and insult,' to be sufficient[ly] severe or pervasive to alter [Thiongo's] working conditions." (*Id.* (quoting *Hall v. U.S. Dep't of Labor, Admin. Review Bd.*, 476 F.3d 847, 851 (10th Cir. 2007)).)

Even accepting Thiongo's allegations as true and viewing them in the light most favorable to him, his hostile work environment claim is likely futile. Section 1981's prohibition of racial discrimination is construed broadly, and comments relating to a person's national origin and religion may be sufficient to state a hostile work environment claim under the statute. *See, e.g.*, *Elzeftawy v. Pernix Grp., Inc.*, --- F. Supp. 3d ----, 2020 WL 4572345, at *19 (N.D. Ill. Aug. 8, 2020) (declining to dismiss a § 1981 hostile work environment claim where most of the factual allegations referenced the plaintiff's religion in connection to his ancestry and ethnicity). But Thiongo alleges specific facts as to only three comments, and any allegations beyond that are conclusory. (*See* ECF 40, at 1 (alleging that Wright and Strube "made a number of" statements and Wright "frequently" asked about Thiongo's religion). Three comments are unlikely to support severe and pervasive harassment. *See, e.g.*, *Brown v. LaFerry's LP Gas Co.*, 708 F. App'x 518, 521 (10th Cir. 2017) (affirming dismissal of a hostile work environment claim based on three alleged comments made to the plaintiff over six or more months). Thus, Thiongo's claim is likely

futile. And even if the claim could pass muster at the motion-to-dismiss stage, it is unlikely to survive summary judgment based on Thiongo's testimony. *See, e.g.*, *Al-Kazaz v. Unitherm Food Sys., Inc.*, 594 F. App'x 460, 463 (10th Cir. 2014) (affirming summary judgment in favor of the employer where three comments made to the plaintiff were improper, but also "discrete, isolated, unrelated, and made by different co-workers").

## III.   CONCLUSION

Thiongo's motion to amend is untimely under the scheduling order, and he has not shown good cause for an extension of the deadline to accommodate the belated amendment. Thiongo also unduly delayed in moving to amend. He could have brought a hostile work environment claim at the inception of this case or, at the very least, filed the motion by the July 30 deadline for motions to amend the pleadings while discovery was still ongoing. But he did not, and he has no adequate explanation for his delay. Engineered Air would be unduly prejudiced by the proposed amendment because it had no motive or opportunity to conduct discovery on a hostile work environment claim. Further, reopening discovery would prejudice Engineered Air by delaying resolution of the case and putting Engineered Air to additional time and expense that would be unnecessary when Thiongo has not identified any facts to establish that he was subjected to sufficiently severe or pervasive harassment to support a hostile work environment claim. And, finally, Thiongo's proposed claim is likely futile.

**IT IS THEREFORE ORDERED** that plaintiff Nelson M. Thiongo's Motion to Amend Plaintiff's Legal Claims in the Pretrial Order (ECF 40) is denied.

**IT IS SO ORDERED.**

Dated January 15, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge

13